# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 19, 2021

Lyle W. Cayce
Clerk

No. 21-10197
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FERNANDO RODRIGUEZ-MACEDO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-260-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Fernando Rodriguez-Macedo appeals the 36-month prison sentence and three-year term of supervised release imposed on his guilty plea conviction for illegal reentry following removal. *See* 8 U.S.C. § 1326. He argues that because his indictment did not specify the prior felony conviction

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10197

that formed the basis of his sentencing enhancement, his sentence, imposed under § 1326(b)(1), exceeded the two-year maximum sentence under § 1326(a) and therefore violated his due process rights. The Government has filed an unopposed motion for summary affirmance and, alternatively, seeks an extension of time to file its brief.

As the Government correctly argues and Rodriguez-Macedo correctly concedes, this appeal is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Because the issue is foreclosed, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Consequently, the Government's motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED. The Government's alternative motion for an extension of time to file its brief is DENIED as unnecessary.